# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
RAYFIELD L. BARNEMAN,           *
                                *
        Plaintiff,              *
                                *   NO. 2:17-CV-51
        v.                      *
                                *
INTERNATIONAL LONGSHOREMAN      *
ASSOCIATION, LOCAL 1423;        *
SSA COOPER, LLC; MARINE         *
TERMINAL CORPORATION-EAST;      *
ATLANTIC           RO-RO        *
STEVEDORING,    LLC;    APS     *
STEVEDORING    LLC;    and      *
GEORGIA        STEVEDORING      *
ASSOCIATION,                    *
                                *
        Defendants.             *
```

## ORDER

This Matter comes before the Court on the Motions to Dismiss of Defendants APS Stevedoring, LLC ("APS"), Atlantic Ro-Ro Stevedoring, LLC ("Atlantic Ro-Ro"), Georgia Stevedoring Association ("GSA"), Marine Terminals Corporation-East ("Marine Terminals"), and SSA Cooper, LLC ("SSA Cooper"), pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6). Dkt. Nos. 17, 31, 34,

37, 40. These Motions have been fully briefed and are now ripe for review. See Dkt. Nos. 24, 45, 46, 47, 48.

**BACKGROUND**

At this stage of the case, the facts are taken from Plaintiff's complaint and assumed to be true, according to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Rayfield Barneman has peripheral neuropathy. Dkt. No. 1, 8 ¶ 2. For six years, he has used a seat cushion to alleviate pain and slow the degradation of his condition. Id. On March 15, 2016, non-party Richard Nixon issued a memo at Barneman's workplace[1] stating that no personal items were allowed inside the automobiles used as part of Barneman's job. Id.

Plaintiff was terminated on April 9, 2016 for having a seat cushion in his vehicle. Id. at 8 ¶ 3. Following Plaintiff's termination, two attending physicians then submitted letters stating that his medical condition of peripheral neuropathy required the use of a seat cushion. Id. With the letters, Barneman then submitted a request for a written accommodation. Id. Norman Massey denied the request on May 18, 2016, prompting Barneman to file a grievance with the International Longshoreman Association Local 1423 ("ILA") Union that same day. Id. A grievance hearing was convened that included representatives

---

[1] Plaintiff's complaint does not clearly identify which party or parties named in this action employs him.

from ILA, SSA Cooper, APS, and GSA. Dkt. No. 5 ¶ 7. The Complaint seems to indicate that Barneman was rehired, as it alleges that he was granted a reasonable accommodation on July 21, 2016. Dkt. No. 1 p. 5 ¶ E. One day, on August 16, 2016, Barneman was at work awaiting a van with his seat cushion to arrive. Dkt. No. 5 ¶ 10. The van never came. Id. Barneman was then terminated on October 17, 2017[2], because he would not get into a van without a seat cushion. Id. ¶ 12. Barneman also alleges that his colleague Oscar Brown, who is much younger than Barneman, was treated more favorably than Barneman: Barneman was not allowed to have his seat cushion into the vehicles; Brown was allowed to bring his backpack. Id. at ¶ 10.

Following these events, Barneman filed a charge with the EEOC on October 28, 2016. Id. at ¶ IV. The EEOC issued a right to sue letter on February 6, 2017, which appears to indicate that the charge named ILA as the respondent. Dkt. No. 5-12. The EEOC issued a second dismissal and a right to sue letter on August 2, 2017, which appears to name GSA as the respondent. Dkt. No. 16 ¶ 23, 3.

Barneman filed suit in this Court against ILA on May 3, 2017, alleging violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA").

---

[2] This is the date listed in Plaintiff's Amended Complaint as well as in the original complaint, but the original complaint also enumerates alleged discriminatory conduct occurring on October 17, 2016—so the Court is unsure when exactly the termination occurred.

Dkt. No. 1. On May 22, 2017, he added SSA Cooper, "Marine Terminals", Atlantic Ro-Ro, APS, and GSA as defendants. Dkt. No. 5.

The Second Amended Complaint alleges that ILA is a collective bargaining unit for Plaintiff. Dkt. No. 16 ¶ 25. It has entered into collective bargaining agreements with GSA, SSA-Cooper, Marine Terminal, Atlantic Ro-Ro, and APS. Id.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual

AO 72A
(Rev. 8/82)

allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

"A document filed pro se is 'to be liberally construed, [and] a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

Exhaustion of administrative remedies is a matter that should be raised in a motion to dismiss. Basel v. Sec'y of Def., 507 Fed. Appx. 873, 874 (11th Cir. 2013) (per curiam). "[I]t is permissible for a district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record." Id. at 874-75.

## DISCUSSION

Defendants (except ILA) have raised several arguments for dismissal. First, SSA-Cooper, Marine Terminals, Atlantic Ro-Ro,

and APS argue that the claims against them should be dismissed for failure to exhaust administrative remedies because they were not named in either of the charges Barneman filed with the EEOC. Second, GSA argues that the claims against it should be dismissed for failure to state a claim because the complaint does not directly tie the complained of actions to GSA. Third, GSA argues that the claims against it should be dismissed because it is not an employer under the ADA or the ADEA. Fourth, SSA Cooper argues that it should be dismissed because it was never summoned before this Court in this action. Fifth, SSA Cooper, Marine Terminals, Atlantic Ro-Ro, and APS argue that the claims against them should be dismissed because they have neither been formally served nor waived formal service. The Court will take up each ground in turn.

## I. Administrative Exhaustion of Claims Against SSA Cooper, Marine Terminals, Atlantic Ro-Ro, and APS

Before a plaintiff may bring suit in federal court under the ADA or the ADEA, he must first exhaust his administrative remedies. 42 U.S.C. § 12117(a); McClure v. Oasis Outsourcing II, Inc., 674 Fed. Appx. 873, 874 (11th Cir. 2016); 29 U.S.C. § 626(d); Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004). Defendants argue that because Plaintiff's EEOC charges named only ILA and GSA as respondents, he failed to

exhaust his administrative remedies with respect to the remaining defendants. Dkt. No. 17 p. 7.

In the Eleventh Circuit, courts do not have subject-matter jurisdiction over these claims unless the plaintiff "made a good faith effort to comply with the [EEOC] regulations and, particularly, to provide all the relevant, specific information available." Wade v. Sec'y of Army, 796 F.2d 1369, 1376 (11th Cir. 1986). That is, a plaintiff has not exhausted his administrative remedies unless he has provided the EEOC with the information needed to evaluate the merits of his claim. Id. Depending on the context, administrative exhaustion is sometimes a jurisdictional prerequisite and sometimes a condition precedent to a civil suit. See Bloodworth v. Colvin, 17 F. Supp. 3d 1245, 1251 (N.D. Ga. 2014). As a condition precedent, "the Supreme Court has noted that the EEOC procedural requirements are 'like a statute of limitations, [and thus] subject to waiver, estoppel, and equitable tolling.'" Id. (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). "The purpose of exhaustion is to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices . . . ." Basel, 507 Fed. Appx. at 875. Additional "[j]udicial claims are allowed if they 'amplify, clarify, or more clearly focus' the charges made before the agency, and, given that we are reluctant to allow procedural technicalities to bar

[ADA or ADEA] claims, the scope of the administrative charges should not be strictly construed." Id. (quoting Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1279-80 (11th Cir. 2004)). Consequently, "'a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Duble v. FedEx Ground Package Sys., Inc., 572 Fed. Appx. 889, 892 (11th Cir. 2014) (quoting Gregory, 355 F.3d at 1280).

Generally, only parties previously identified in charges filed with the EEOC are subject to liability. Terrell v. U.S. Pipe & Foundry Co., 644 F.2d 1112, 1122 (5th Cir. 1981), rev'd on other grounds, 456 U.S. 955 (1982). The former Fifth Circuit, however, clarified that this rule should be liberally interpreted such that parties potentially liable are to be defined by "[t]he reasonable limits of an investigation potentially triggered by [the] EEOC charge." Id. at 1123. See also Hamm v. Bd. of Regents of the State of Fla., 708 F.2d 647, 649-50 (11th Cir. 1983). Courts making this inquiry do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the

charges; (4) whether the unnamed parties have an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party suffered actual prejudice by its exclusion from the EEOC proceedings. DiGiro v. Pall Corp., 993 F. Supp. 1471, 1474 (M.D. Fla. 1998) (citing Eggleston v. Chicago Journeymen Plumbers' Local 130, 657 F.2d 890, 906-07 (7th Cir. 1981), cert. denied, 455 U.S. 1017 (1982)).

At this point, neither side has produced any evidence of any of these five factors. The parties have 14 days to file such evidence. Therefore, the Motion to Dismiss for Failure to Exhaust of SSA Cooper, Marine Terminals, Atlantic Ro-Ro, and APS is **DENIED** at this time.

### II. Whether GSA is an employer of Plaintiff

GSA argues that it is not an employer as that term is defined either under the ADA or under the ADEA. The ADEA defines an employer as a person engaged in an industry affecting commerce who has at least twenty employees. 29 U.S.C. § 630(b). The ADA defines an employer as a person engaged in an industry affecting commerce who has at least fifteen employees. 42 U.S.C. § 12111(5)(A). GSA has shown that it has only four employees. Dkt. No. 17 ¶ 4. Plaintiff has offered no evidence to the contrary. Therefore, the Court is satisfied that GSA is not an employer as defined by the ADA or the ADEA.

AO 72A
(Rev. 8/82)

9

Plaintiff argues, instead, that even if GSA is not an employer, it is a "labor organization" subject to the ADEA and the ADA. The ADEA defines a labor organization as one "engaged in an industry affecting commerce, and any agent of such an organization . . . concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions . . . ." 29 U.S.C. § 630(e). Similarly, the ADA includes a labor organization as a covered entity. 42 U.S.C. § 12111(2).

Defendant has not responded to this argument, and the Court therefore cannot find that the provisions of the ADA and the ADEA are inapplicable to GSA. Therefore, GSA's Motion to Dismiss is **DENIED** at this time.

### III. Sufficiency of Complaint against GSA

GSA argues that Barneman's complaint against it should be dismissed for failure to state a claim upon which relief may be granted. Specifically, GSA argues that Plaintiff makes no allegation that GSA discriminated against him based on disability or age. Dkt. No. 17 p. 8.

The Court agrees that the Complaint is less than crystal clear about which parties performed which actions against Barneman. Still, the Complaint alleges that Barneman was denied the use of a seat cushion because of a policy imposed by GSA, that he requested a reasonable accommodation, that each Defendant was involved in denying that request, and that younger employees

AO 72A
(Rev. 8/82)

were granted similar requests. Therefore, especially in light of Plaintiff's pro se status, GSA's Motion to Dismiss for Failure to State a Claim is **DENIED**.

### IV. Sufficiency of Process and Service of Process

Defendants all argue also that Plaintiff's complaints against them should be dismissed for insufficiency of process and of service of process. After they filed the Motion to Dismiss, Plaintiff issued summons for Defendants GSA, Atlantic R-Ro-, APS, and Marine Terminal, and they withdrew the argument of insufficiency of process accordingly. Dkt. Nos. 31, 34, 37, 40. As far as the Court is aware, Plaintiff never issued a summons to SSA Cooper and still has not served GSA, SSA Cooper, Marine Terminals, Atlantic Ro-Ro, or APS.

Federal Rule of Civil Procedure 4(b) requires a summons to "be issued for each defendant served." No summons has been issued for SSA Cooper. Therefore SSA Cooper's Motion to Dismiss is **GRANTED**.

Rule 4(c) requires the complaint and summons to be served. This is effected by either personal delivery to the defendant, his agent, or one who resides with him or by comporting with Georgia law of service. Fed. R. Civ. P. 4(e). In the alternative, a defendant may waive formal service when the plaintiff makes the request in writing that is properly addressed. Fed. R. Civ. P. 4(d)(1)(A). "A defendant's actual

11

AO 72A
(Rev. 8/82)

notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Here, Plaintiff mailed a copy of the complaint without a waiver of service form or a summons to the Defendants. That does not comport with the federal rules or with Georgia law of service. See O.C.G.A. § 9-11-4(c) (requiring service to be effectuated by a sheriff or one appointed for that purpose). Defendants have properly pointed out that this is insufficient, and Plaintiff failed to address this defect in his responsive brief. It is the Plaintiff's responsibility to prove that service occurred by the server's affidavit. Fed. R. Civ. P. 4(l)(1).

Rule 4(m) requires that if a defendant is not served within 90 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added). The court must extend the deadline if the plaintiff shows good cause for failure to serve. Fed. R. Civ. P. 4(m).

Here, Plaintiff has made no attempt to show good cause for failing to serve the Defendants. Therefore, the Court orders that Plaintiff serve Defendants GSA, Marine Terminals, Atlantic Ro-Ro, and APS within 10 days. If he fails to do so, his Complaint against them will be dismissed.

AO 72A
(Rev. 8/82)

## CONCLUSION

The Motion to Dismiss for failure to exhaust administrative remedies is **DENIED** at this time. The parties have 14 days to file briefings informing the Court of Defendants' relationship to ILA and their involvement in the EEOC charge. GSA's Motion to Dismiss for failure to state a claim is **DENIED**. Defendant SSA Cooper's 12(b)(4) Motion to Dismiss for insufficient process is **GRANTED**. Plaintiff is **ORDERED** to serve Defendants GSA, Marine Terminals, Atlantic Ro-Ro, and APS within 10 days or face dismissal of his claims against them.

**SO ORDERED**, this 1st day of February, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA