# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

RAYFIELD L. BARNEMAN,

    Plaintiff,

v.

    NO. 2:17-CV-51

INTERNATIONAL LONGSHOREMAN ASSOCIATION, LOCAL 1423; SSA COOPER, LLC; MARINE TERMINAL CORPORATION-EAST; ATLANTIC RO-RO STEVEDORING, LLC; APS STEVEDORING LLC; and GEORGIA STEVEDORING ASSOCIATION,

    Defendants.

## ORDER

This Matter comes before the Court on the renewed Motion to Dismiss of Defendants APS Stevedoring, LLC ("APS"), Atlantic Ro-Ro Stevedoring, LLC ("Atlantic Ro-Ro"), Georgia Stevedoring Association ("GSA"), and Marine Terminal Corporation-East ("Marine Terminal"). Dkt. Nos. 17, 54. For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff filed a pro se complaint in this Court on May 3, 2017 against International Longshoreman Association Local 1423 ("ILA"). He retained counsel and amended his complaint on May 22, 2017, adding the other Defendants. Because his EEOC charges had only named ILA and GSA as Defendants, the remaining Defendants filed a motion to dismiss, arguing, among other things, that Plaintiff had failed to exhaust his administrative remedies with regard to them. Dkt. No. 17. On February 1, 2018, this Court gave the parties 14 days to submit additional briefing on that question. Dkt. No. 53. They have now done so. Dkt. Nos. 53, 54, 55. The Court also ordered that Plaintiff serve GSA, Marine Terminals, Atlantic Ro-Ro, and APS or risk dismissal. Dkt. No. 53.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

AO 72A
(Rev. 8/82)

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

"A document filed pro se is 'to be liberally construed, [and] a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

Exhaustion of administrative remedies is a matter that should be raised in a motion to dismiss. Basel v. Sec'y of Def., 507 Fed. Appx. 873, 874 (11th Cir. 2013) (per curiam). "[I]t is

3

permissible for a district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record." Id. at 874-75.

**DISCUSSION**

This order addresses the limited issue of whether Plaintiff exhausted his administrative remedies against GSA, Marine Terminals, Atlantic Ro-Ro, and APS by filing an EEOC charge (thereby satisfactorily exhausting his administrative remedies) against ILA.[1] To answer this question, this Court previously ordered the parties to clarify their positions on the following factors: (1) the similarity of the interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties have an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed parties suffered actual prejudice by its exclusion from the EEOC proceedings. Dkt. No. 53 (citing DiGiro v. Pall Corp., 993 F. Supp. 1474, 1474 (M.D. Fla. 1998)).

---

[1] Plaintiff has demonstrated that he served GSA, Marine Terminals, Atlantic Ro-Ro, and APS, and Defendants are no longer seeking to dismiss the suit against them on that basis. See Dkt. Nos. 43, 44.

4

Accordingly, the parties provided some additional information.

*Similarity of interests.* The record shows that the port employers—Marine Terminals, Atlantic Ro-Ro, and APS—are board members for GSA and that GSA acts for the signatory parties. Dkt. No. 54-1. Plaintiff asserts that GSA protected the interests of those port employers during the grievance process and that the grievance process in which the port employers did participate involved the same issues as those of the EEOC charge filed against GSA. Dkt. No. 17.

*Plaintiff's ability to ascertain identities.* The record shows that Plaintiff sent letters addressed to each of the port employers, demonstrating his knowledge of their identity. Dkt. No. 5. It also shows that each had its own representative at his grievance hearing and that his paychecks indicated which entity employed him. Dkt. No. 24.

*Notice to unnamed parties.* The record shows that the port employers had actual notice of Barneman's EEOC charge against GSA which resulted in the present litigation. Dkt. No. 53-2, 53-3, 53-5, 53-6 (A,B,D,E)

*Participation in reconciliation process.* The port employers were not involved in the EEOC charge, but they did participate in the grievance process, which is part of the overall dispute that

AO 72A
(Rev. 8/82)

Barneman initiated and closely mirrors the one that the EEOC was tasked with adjudicating.

*Actual prejudice.* There has been no demonstration of actual prejudice against Marine Terminals, Atlantic Ro-Ro, or APS as a result of their not having been named in the EEOC charge.

Overall, the Court determines that, at least at this juncture based on the information available at this time, justice is promoted by allowing Plaintiff to include the port employers in this present suit. See Hamm v. Bd. of Regents, 708 F.2d 647 (11th Cir. 1983). They knew of Barneman's grievance, knew of his EEOC charge involving the present dispute, have interests that were closely aligned with those of GSA, and importantly, have shown no actual prejudice from their exclusion in the EEOC process. As a reminder, the purpose of administrative exhaustion is to give the EEOC the first chance to resolve a dispute before it proceeds before a court. See Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1993) (The purpose of administrative exhaustion is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.")). The Court finds that the EEOC has done so here.

## CONCLUSION

Defendants' renewed Motion to Dismiss for failure to exhaust administrative remedies (Dkt. No. 54) is **DENIED**.

**SO ORDERED**, this 1st day of August, 2018.

_____
HON. LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA